Ms. Faith Fields, MSN, RN Executive Director, Arkansas State Board of Nursing 1123 S. University Avenue, Suite 800 University Tower Building Little Rock, AR 72204
Dear Ms. Fields:
You have requested clarification and reconsideration of Attorney General Opinion No. 2004-063.
You express particular concern with what you perceive to be certain conflicts between Opinion No. 2004-063 and certain opinions issued by two of my predecessors in office, Opinions Nos. 2000-185 and 95-278. Your specific questions are:
 (1) Pursuant to Attorney General Opinion No. 2000-185, which states, "the permissible scope of practice of EMTs [emergency medical technicians] and paramedics can be gleaned from the definition of "emergency medical services," does the 1981 definition define the scope of EMT/paramedic practice, or does the newly created definition passed by the legislature in 1999, which is now A.C.A. § 20-13-202, define this scope?
 (2) Pursuant to Attorney General Opinion No. 2000-185, which states: "It is my opinion . . . that `certification' of EMTs and paramedics is not equivalent to `licensure' . . .", does Opinion No. 2004-063 now change the AG's earlier opinion (No. 2000-185) with regard to certification versus licensure? If so, what statutory authority was utilized as the basis for the change in opinion?
 (3) Pursuant to Opinion No. 95-278, which states: "It is my opinion that an unlicensed person may not administer prescription medications of any kind in any situation where the administration of medications occurs as a result of the fact that the unlicensed person has been held out to the public as being licensed and qualified to administer medications. It is my opinion that this prohibition is effective even in situations where the unlicensed person is under the supervision of a licensed person.", is the Attorney General now changing his opinion to allow medication administration by AMT/paramedics in an inpatient setting if allowed by the hospital's medical staff? If the Attorney General is now changing his opinion, what criteria is used in making that determination?
RESPONSE
Question 1 — Pursuant to Attorney General Opinion No. 2000-185, whichstates, "the permissible scope of practice of EMTs and paramedics can begleaned from the definition of "emergency medical services," does the1981 definition define the scope of EMT/paramedic practice, or does thenewly created definition passed by the legislature in 1999, which is nowA.C.A. § 20-13-202, define this scope?
It is my opinion that the scope of EMT/paramedic practice is defined by the State Board of Health's Rules and Regulations Pertaining to Emergency Medical Services. (I note that you refer in your question to this regulatory definition as "the 1981 definition." It is unclear why you have done so. The Board's rules and regulations that address the scope of EMT/paramedic practice and that I quoted in Opinion No. 2004-063 became effective on December 6, 2001).[1] I base my conclusion regarding this matter upon the fact that the Emergency Medical Services Act (A.C.A. §20-13-201 et seq.) explicitly grants the Board of Health the power and responsibility of defining the scope of practice for these personnel. That statutory grant of authority to the Board of Health is set forth in A.C.A. § 20-13-308, as follows:
 (a) The State Board of Health shall have the responsibility and authority to hold public hearings and promulgate and implement rules, regulations, and standards which it deems necessary to carry out the provisions of this subchapter. However, prior to implementing any rules, regulations, or standards, the board shall submit and obtain the review of the House and Senate Interim Committees on Public Health, Welfare, and Labor or appropriate subcommittees thereof.
 (b) In addition, the board is authorized to establish appropriate rules, regulations, and standards defining or limiting the emergency medical procedures or services that may be rendered by a certified emergency medical technician who is authorized to legally perform these services under the conditions set forth by the board, except that prior to implementing any rules, regulations, and standards, the board shall submit and obtain the review of the House and Senate Interim Committees on Public Health, Welfare, and Labor or appropriate subcommittees thereof.
A.C.A. § 20-13-208.
Pursuant to the above-quoted grant of authority, the Board of Health has enacted rules and regulations that define the scope of practice for EMTs and paramedics. The pertinent rules and regulations are set forth at Section VII and VIII of the Board of Health's Rules and Regulations Pertaining to Emergency Medical Services.
It is my opinion further that the scope of EMT/paramedic practice is not defined by the statutory definition of the term "emergency medical services," which is set forth at A.C.A. § 20-13-202, although the definition of that term is entirely consistent with scope of EMT/paramedic practice as defined in the Board's Rules and Regulations. The term "emergency medical services" is defined as follows:
(9) "Emergency medical services" means:
 (A) The transportation and medical care provided the ill or injured prior to arrival at a medical facility by a certified emergency medical technician or other health care provider; and
 (B) Continuation of the initial emergency care within a medical facility subject to the approval of the medical staff and governing board of that facility[.]
A.C.A. § 20-13-202(9).
You raise a question about my predecessor's reliance, in Opinion No.2000-185, upon this definition in determining the scope of EMT/paramedic practice. I note that you have quoted only part of the pertinent section of that opinion. The entire passage stated:
 Under the DOH Rules and Regulations, EMTs and paramedics are authorized to perform a number of tasks within a particular scope of practice. One aspect of this permissible scope of practice is that the tasks must be performed under the supervision of a "medical director." A "medical director" is a licensed physician who meets certain additional qualifications. The other aspect of the permissible scope of practice of EMTs and paramedics can be gleaned from the definition of "emergency medical services."
[quotation of definition omitted]
 Thus, under the DOH Rules and Regulations, an EMT or a paramedic is limited to administering medications prior to arrival at a medical facility, or after arrival at the facility if the facility has granted its approval, and the EMT or paramedic must perform this task under the supervision of a licensed physician who meets the Act's definition of "medical director."
Op. Att'y Gen. No. 2000-184 at 3 (emphasis added).
My predecessor's analysis of the scope of EMT/paramedic practice relies heavily upon the administrative rules and regulations to determine the permissible scope of practice, and does not rely exclusively upon the definition of the term "emergency medical services." This analysis is clearly consistent with my views as expressed in Opinion No. 2004-063.
In my view, the definition of the term "emergency medical services" is certainly relevant to the scope of EMT/paramedic practice, but it does not define or limit that scope. Indeed, it would have been inconsistent for the Emergency Medical Services Act to define the scope of EMT/paramedic practice statutorily, and at the same time to delegate to the Board of Health the responsibility of defining that scope, as it did in A.C.A. § 20-13-208, quoted previously.
You note that the definition of "emergency medical services" was re-written in 1999. I suspect that you did so because you were under the impression that the statutory definition was more recent than the Board's rules and regulations, and thus indicated an intent to supersede the rules and regulations. However, as previously noted, the Board's Rules and Regulations were enacted more recently than the statutory definition, having become effective on December 6, 2001. Moreover, as also previously noted, it is my opinion that the statutory definition of "emergency medical services" does not conflict with the Board's rules and regulations. Thus no question of supersession need arise.
Question 2 — Pursuant to Attorney General Opinion No. 2000-185, whichstates: "It is my opinion . . . that `certification' of EMTs andparamedics is not equivalent to `licensure' . . .", does Opinion No.2004-063 now change the AG's earlier opinion (No. 2000-185) with regardto certification versus licensure? If so, what statutory authority wasutilized as the basis for the change in opinion?
Opinion No. 2004-063 did not address a question of the meaning of the terms "licensure" and "certification," and was not intended to reflect any change from the views expressed by my predecessor in Opinion No. 20000-185. The particular passage in Opinion No. 2004-063 that gives rise to your question was the following statement:
 I am aware that some concern may arise with regard to whether permitting paramedics to perform their functions in hospitals would place nurses in the position of delegating functions in violation of their own governing laws, rules, and regulations. Nurses are subject to numerous restrictions concerning the delegation of nursing tasks. See Rules and Regulations of the State Board of Nursing, Chapter 5 (Delegation). However, the chapter governing delegation by nurses contains the following exception:
These sections shall not be construed to apply to:
* * *
 3. Acts done by persons licensed by any board or agency of the State of Arkansas if such acts are authorized by such licensing statutes;
 Rules and Regulations of the State Board of Nursing, Chapter 5 (Delegation).
 It is my opinion that the above quoted provision from the rules and regulations of the State Board of Nursing should alleviate concern about delegation in appropriate circumstances (e.g., circumstances under which the required supervision is provided) to a paramedic of a task that the paramedic is licensed to perform.
Op. Att'y Gen. No. 2004-063 at 5.
You are correct that the above-quoted statement from Opinion No. 2004-063
erroneously referred to paramedics as being "licensed," rather than "certified." This reference was in error, and to the extent that the statement implies a view that paramedics are licensed rather than certified, it is hereby corrected and superseded. Nevertheless, that erroneous reference was not the focus of the quoted statement; the real point of that statement was that nurses need not delegate to paramedics the tasks that paramedics are already authorized by the Board of Health to perform under the supervision of a physician.
Question 3 — Pursuant to Opinion No. 95-278, which states: "It is myopinion that an unlicensed person may not administer prescriptionmedications of any kind in any situation where the administration ofmedications occurs as a result of the fact that the unlicensed person hasbeen held out to the public as being licensed and qualified to administermedications. It is my opinion that this prohibition is effective even insituations where the unlicensed person is under the supervision of alicensed person.", is the Attorney General now changing his opinion toallow medication administration by EMT/paramedics in an inpatient settingif allowed by the hospital's medical staff? If the Attorney General isnow changing his opinion, what criteria is used in making thatdetermination?
In Opinion No. 95-278, one of my predecessors in office was addressing various questions about the practice of nursing. It must be read in that context. The passage you have quoted was dealing with persons who hold themselves out to the public as being licensed in a nursing category and the impropriety of such persons performing tasks that normally require licensure. That opinion did not address any questions concerning the permissible activities of EMTs (or any other medical personnel, such as physicians).
The administration of certain medications by some certified EMTs under the supervision of a physician is specifically authorized by the Board of Health. See Arkansas State Board of Health's Rules and RegulationsPertaining to Emergency Medical Services, § VII. Although a nurse may not be permitted to delegate this task to an EMT under the rules and regulations that govern nurses, EMTs may nevertheless perform this task in certain circumstances under the authority granted by the Board of Health.
To summarize, I have fully considered your objections to Opinion No.2004-063, but I must conclude that they are unfounded. I therefore decline to change the views stated therein.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] I suspect that you may have referred to "the 1981 definition" because in Opinion No. 2004-063, I quoted language from the Board's rules that refers to Act 293 of 1981. This quotation was directly from the language of the Board's currently-effective rules, however (see ArkansasState Board of Health's Rules and Regulations Pertaining to EmergencyMedical Services, § VIII), and was not a reference to any previous version of the rules.